UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JOHN ROESSER,

Defendant.

**SEALED INDICTMENT**

23 Cr.



23 CRIM 155

## COUNT ONE
(False Oaths and Claims in Bankruptcy)

The Grand Jury charges:

### Overview

1. Starting in or about February 2022, JOHN ROESSER, the defendant, abused the bankruptcy system to avoid paying his bills, including a multi-million-dollar tax liability to the Internal Revenue Service ("IRS"). Between 2013 and 2020, ROESSER amassed substantial income, as well as substantial tax liabilities, as a partner at multiple multinational law firms. By 2022, he owed the IRS, and others, over three million dollars. He also owned a house that he estimated was worth millions of dollars and an Aston Martin Rapide, a luxury sports car. Instead of paying his debts, ROESSER filed for Chapter 11 bankruptcy, which allows a debtor to keep possession of their assets during the bankruptcy. ROESSER told the Bankruptcy Court and the IRS that he would soon receive millions of dollars and be able to pay his debts while keeping his house. Then, ROESSER filed false declarations and submitted falsified records indicating that he had received millions of dollars. This was false. ROESSER was concealing that he had not received millions of dollars after all, in a fraudulent effort to retain control of his assets while avoiding payment of his debts.

## The Defendant's Bankruptcy

2.  JOHN ROESSER, the defendant, was a partner at three multinational law firms from in or about March 2013 through in or about January 2018. During his time as a partner at these law firms, ROESSER earned substantial income—and incurred substantial income tax liability. ROESSER resigned from the New York bar in or about June 2020, after admitting to misappropriating client funds.

3.  On or about February 3, 2022, in the United States Bankruptcy Court for the Southern District of New York, JOHN ROESSER, the defendant, filed a voluntary petition for bankruptcy under Chapter 11, initiating In re John Roesser, No. 22 Bk. 22049 (Bankr. S.D.N.Y.) (the "Bankruptcy").

4.  In a Chapter 11 bankruptcy, a debtor may remain "in possession," meaning that the debtor keeps possession and control of his assets during the bankruptcy. But a debtor-in-possession must propose a viable plan of reorganization, which creditors then vote on. If a debtor fails to comply with the requirements of Chapter 11, a Chapter 11 bankruptcy can be converted to a Chapter 7 bankruptcy or dismissed. In a Chapter 7 bankruptcy, an appointed trustee usually converts a debtor's assets into cash for distribution among creditors. If a bankruptcy is dismissed, the debtor loses the protections of bankruptcy; for example, creditors can take steps to seize a debtor's assets.

5.  JOHN ROESSER, the defendant, sought to remain a debtor-in-possession during the Bankruptcy. On or about February 17, 2022, ROESSER opened a debtor-in-possession account for the Bankruptcy (the "DIP Account").

6.  On or about February 17, 2022, JOHN ROESSER, the defendant, submitted a declaration (the "Declaration") in the Bankruptcy. ROESSER declared under penalty of perjury

that the Declaration was true and correct. The Declaration stated, in part, that ROESSER "[had] significant tax debt, which I will attempt to deal with in my chapter 11 reorganization."

7. The Declaration also contained the following statements, made under penalty of perjury by JOHN ROESSER, the defendant, as true and correct:

> Currently, I am in the real estate business and expect a commission of approximately $9,500,000 of which 45% would inure to my benefit and the other 55% to my partner. I expect payment of this commission in June of 2022.
> . . .
> The needs and interests of my creditors will best be served by my continued possession of [a house in Bronxville, New York, valued in the Declaration at $2,600,000] and management of my affairs as debtor-in-possession under Chapter 11 until I receive the income that is coming to me.

8. On or about February 22, 2022, the Internal Revenue Service (the "IRS") filed a Proof of Claim in the Bankruptcy, listing the IRS's claims against ROESSER. These claims totaled $2,229,971.77 for income taxes assessed between 2014 and 2019. After adding penalties and interest, these claims totaled $3,850,819.07.

9. On or about March 15, 2022, JOHN ROESSER, the defendant, telephonically attended a meeting held in the Bankruptcy pursuant to 11 U.S.C. § 341. At that meeting, in response to questions posed by a Trial Attorney with the Office of the United States Trustee and an Assistant United States Attorney for the Southern District of New York (the "AUSA") representing the IRS, ROESSER testified under oath, in substance and in part, that he expected that a limited liability company (the "LLC") in which he held a 45% interest would receive approximately $9.5 million on or before June 2022. At a continued meeting held in the Bankruptcy pursuant to 11 U.S.C. § 341 on or about April 18, 2022, ROESSER again testified, in substance and in part, that he expected to receive millions of dollars soon.

10.     On or about June 27, 2022, a legal assistant to counsel for JOHN ROESSER, the defendant, sent the AUSA a document ("Bank Record-1") purporting to show an online banking screenshot relating to a bank account held by the LLC (the "LLC Account"). The legal assistant's message stated, in sum and substance, that Bank Record-1 had been provided to the legal assistant by ROESSER that day. Bank Record-1 showed an available balance of $9,661,090.00 in the LLC Account. However, as ROESSER well knew, Bank Record-1 was false. The account for the LLC Account never had more than $200 in it.

11.     On or about July 6, 2022, counsel for JOHN ROESSER, the defendant, sent the AUSA a document ("Bank Record-2") purporting to show an online banking screenshot relating to the DIP Account. Bank Record-2 showed an available balance of $9,661,000.00 in the DIP Account. However, as ROESSER well knew, Bank Record-2 was also false. The DIP Account never had a positive balance. ROESSER's counsel's message to the AUSA stated, "Now that I have confirmed the funds are in the account I am going to finish up the stipulation."

12.     On or about August 8, 2022 and August 9, 2022, counsel for JOHN ROESSER, the defendant, and the AUSA, electronically signed a stipulation (the "Stipulation") stating, in sum and substance, that the secured claims of the IRS would be resolved, provided that ROESSER paid $3,923,981.26 to the IRS (the amount of the IRS's secured claims, plus accrued interest since ROESSER filed the Bankruptcy) within seven days after the Stipulation was so-ordered by a Judge.

13.     On or about September 8, 2022, counsel for JOHN ROESSER, the defendant, filed in the Bankruptcy on ROESSER's behalf a monthly operating report for the period ending July 31, 2022 (the "Monthly Operating Report"). The Monthly Operating Report was electronically signed by ROESSER and stated, "I declare under penalty of perjury that the foregoing Monthly

Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate." The Monthly Operating Report listed for "Total receipts (net of transfers between accounts)," the amount $9,662,594, and for "Cash balance end of month," the amount $9,602,924. Attached to the Monthly Operating Report was a document ("Bank Record-3"), purporting to be an Account Information Report for the DIP Account. Bank Record-3 showed a current balance of $9,578,105.73, a last deposit Amount of $9,661,000.00, and a last deposit date of July 1, 2022. However, as ROESSER well knew, the Monthly Operating Report, including the amounts it listed for "Total Receipts" and "Cash balance end of month," and Bank Record-3, were false. The DIP Account never received $9,661,000.00 on July 1, 2022, or any other date. In fact, the DIP Account never had a positive balance.

14. On or about September 23, 2022, Judge Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York so-ordered the Stipulation. The same day, a legal assistant to counsel for JOHN ROESSER, the defendant, sent the AUSA a copy of a check, dated September 22, 2022, made out to the "U.S. Treasury" in the amount of $3,923,981.26 (the "Check"). The Check purported to be from the DIP Account. However, as ROESSER well knew, the DIP Account did not have a positive balance, let alone sufficient funds to pay the check.

15. On or about November 3, 2022, counsel for JOHN ROESSER, the defendant, filed a letter in the Bankruptcy withdrawing the Monthly Operating Report. The letter stated in full, "Due to information received I respectfully withdraw the Debtor's July 2022 operating report Docket No. 78. Thank you for your attention to this matter."

16. On or about March 3, 2023, Judge Lane dismissed the Bankruptcy. Without the protections of bankruptcy, creditors can now take steps to seize the assets of JOHN ROESSER, the defendant, to pay his debts.

## STATUTORY ALLEGATIONS

17. Between in or about June 2022 and in or about September 2022, in the Southern District of New York and elsewhere, JOHN ROESSER, the defendant, knowingly and fraudulently made a false declaration, certificate, verification, and statement under penalty of perjury as permitted under Title 28, United States Code, Section 1746, in and in relation to a case under Title 11, namely, the Bankruptcy, and, after the filing of a case under Title 11 and in contemplation thereof, namely, the Bankruptcy, knowingly and fraudulently concealed, destroyed, mutilated, falsified, and made a false entry in recorded information relating to the property and financial affairs of a debtor, to wit, ROESSER knowingly made false declarations and submitted falsified records in the course of the Bankruptcy proceedings.

(Title 18, United States Code, Sections 152(3), 152(8), and 2.)

## COUNT TWO
(Falsification of Records in Bankruptcy)

The Grand jury further charges:

18. The allegations contained in paragraphs 1 through 16 of this Indictment are repeated and realleged as if fully set forth herein.

19. Between in or about June 2022 and in or about September 2022, in the Southern District of New York and elsewhere, JOHN ROESSER, the defendant, knowingly altered, destroyed, mutilated, concealed, covered up, falsified, and made a false entry in a record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of a case filed under Title 11, and in relation to and in contemplation of such a case, to wit, ROESSER knowingly made false declarations and submitted falsified records in the course of the Bankruptcy proceedings.

(Title 18, United States Code, Sections 1519 and 2.)

## FORFEITURE ALLEGATION

20. As a result of committing the offenses alleged in Count One of this Indictment, JOHN ROESSER, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Asset Provision

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_Lori Kelly_
FOREPERSON

_Damian Williams_
DAMIAN WILLIAMS
United States Attorney

3/27/23 Filed Indictment under seal
Arrest warrant issued
USMJ Lehrburger

7