**COHEN, FRANKEL & RUGGIERO**
ATTORNEYS AT LAW
20 VESEY STREET, SUITE 1200
NEW YORK, NEW YORK 10007
(212) 732-0002 • Fax (212) 293-7[...]

MARK I. COHEN
PETER M. FRANKEL
LOUIS J. RUGGIERO
MINA KENNEDY
GILLIAN M. FEEHAN*
*ADMITTED IN NJ AND PENDING ADMISSION IN NY

35-07 90TH STREET
JACKSON HEIGHTS, NEW YORK 11372
(718) 898-4900 • Fax (718) 898-0093
PLEASE DO NOT REPLY TO THIS OFFICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/18/2024

January 17, 2024

**VIA ECF**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

       Re: *United States v. John Roesser*
          23 Cr. 155 (AT)

Dear Judge Torres:

  Please recall that I represent Mr. John Roesser in his defense of the above-referenced matter. Mr. Roesser is presently scheduled for sentencing before Your Honor on February 13, 2024, at 11:00 a.m., and per Your Honor's January 2, 2024 Order, the defense's sentencing submission is due January 19, 2024. For the reasons that follow, I write to respectfully move this Court for permission to file three letters of support under seal as part of the defense's forthcoming sentencing submission.

  There is a presumption of public access to judicial documents under the First Amendment and common law. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006)("The common law right of public access to judicial documents is firmly rooted in our nation's history."). However, the Second Circuit Court of Appeals has held that, "[n]otwithstanding the presumption of access . . . documents may be kept under seal if 'countervailing factors' . . . or 'higher values' . . . so demand." Id. at 124. The court must consider the privacy interest of the person(s) resisting public disclosure, and "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." Gardner v. Newsday, Inc., 895 F.2d 74, 79-80 (2d Cir. 1990).

  In United States v. Amodeo, the Second Circuit Court of Appeals explained that, in considering weight to assign an assertion of a right to privacy, courts should consider: "the degree to which the subject matter is traditionally considered private rather than public. . . . [F]amily affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." 71 F.3d 1044, 1051 (2d Cir. 1995). The Second Circuit further commented:

**Cohen, Frankel & Ruggiero, LLP**
The Honorable Analisa Torres
January 17, 2024
Page 2 of 2

> Courts have long declined to allow public access simply to cater 'to a morbid craving for that which is sensational or impure.' . . . [C]ourts have the power to insure that their records are not 'used to gratify private spite or promote public scandal . . .' Id.

Here, the three letters the defense seeks to file under seal were written by members of the Roesser Family, and the third-party letter writers have expressed discomfort with their letters being publicly accessible. Specifically, the letters contain sensitive information regarding personal family affairs and medical histories—subject matters that are typically considered private. The Roesser Family undoubtedly has a significant interest in continuing to keep its personal business private, especially in a case that has received a fair amount of media attention.

Further, due to their personal contents, the letters that the defense seeks to file under seal are not of public concern or relevance. Rather, the letters contain sensitive information that may be embarrassing to third-parties, and such personal information is likely to be sought out by the public simply due to the potential to read 'sensational' contents.

Because the presumption of public access does not outweigh the Roesser Family's privacy interests, the defense respectfully requests that Your Honor permit the three letters to be filed under seal. Thank you for your consideration of this request.

Respectfully submitted,

Mark I. Cohen

GRANTED IN PART. Defendant may redact portions of the letters that involve "personal family affairs and medical histories." Defendant shall file the redacted versions on the public docket and the unredacted versions under seal.

SO ORDERED.

Dated: January 18, 2024
New York, New York

ANALISA TORRES
United States District Judge