**COHEN, FRANKEL & RUGGIERO, LLP**

ATTORNEYS AT LAW
20 VESEY STREET, SUITE 1200
NEW YORK, NEW YORK 10007
(212) 732-0002 • Fax (212) 293-7224

MARK I. COHEN
PETER M. FRANKEL
LOUIS J. RUGGIERO
MINA KENNEDY
GILLIAN M. FEEHAN*
 *ADMITTED IN NJ AND PENDING ADMISSION IN NY

35-07 90TH STREET
JACKSON HEIGHTS, NEW YORK 11372
(718) 898-4900 • Fax (718) 898-0093
PLEASE DO NOT REPLY TO THIS OFFICE

January 19, 2024

**VIA ECF**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *United States v. John Roesser*
     **23 Cr. 155 (AT)**

Dear Judge Torres:

      I represent Mr. John Roesser in his defense of the above-referenced matter. Mr. Roesser is scheduled to appear for his sentencing hearing before Your Honor on February 13, 2024, at 11:00 a.m. For the reasons set forth herein, Mr. Roesser will respectfully request that Your Honor follow the recommendation of the United States Probation Department ("Probation") and impose a sentence of time served with three years of supervised release. The defense further respectfully requests that Your Honor impose special conditions of supervision of mental health counseling, vocational training, and debt counseling, but refrain from imposing a fine.

**I.     PROCEDURAL HISTORY & CONDUCT AT BAR**

      Mr. Roesser was arrested by agents of the Federal Bureau of Investigation on March 28, 2023, and charged by Indictment with False Oaths and Claims in Bankruptcy, in violation of 18 U.S.C. §§ 152(3), 152(8), and (2), and Falsification of Records in Bankruptcy, in violation of 18 U.S.C. §§ 1519 and 2. He appeared before United States Magistrate Judge Robert W. Lehrburger later that same day and was ordered released on a $250,000.00 personal recognizance bond co-signed by two individuals, with travel restrictions and other conditions imposed while under the supervision of United States Pretrial Services ("Pretrial"). On April 7, 2023, Your Honor granted a modification of Mr. Roesser's bond conditions to only require one co-signer, Mr. Roesser's son Malcolm. As reported by Probation in the Presentence Investigation Report ("PSR") at bar, Mr. Roesser has remained compliant with all conditions of his pretrial release under the supervision of Pretrial for the Southern District of New York and, based upon his good conduct, was transferred to a low-risk caseload (PSR ¶ 7).

Cohen, Frankel & Ruggiero, LLP
The Honorable Analisa Torres
U.S. v. John Roesser
January 19, 2024
Page 2 of 10

Mr. Roesser's daughter, Abigail, contacted our firm on his behalf in the hours after his arrest, and I filed my notice of appearance with the Court later that same day. Prior to his initial appearance, Mr. Roesser was notably shaken when we first met in the Courthouse and saddened by what he had done in the case at bar. He quickly acknowledged and took responsibility for making an objectively poor decision, based on good subjective intentions, that seriously backfired. I commenced plea negotiations with the Government at Mr. Roesser's request, which ultimately resulted in the July 14, 2023 plea agreement between the parties.

Pursuant to the plea agreement at bar, Mr. Roesser appeared before Your Honor on September 12, 2023, and entered a guilty plea to Count One of the Indictment, False Oaths and Claims in Bankruptcy, in violation of 18 U.S.C. §§ 152(3) and (8). By way of his guilty plea in the instant matter, Mr. Roesser admitted to making false statements and submitting falsified records in the course of his United States Bankruptcy Court proceeding in the Southern District of New York. Specifically, Mr. Roesser conceded that he anticipated a fledgling real estate investment business in which he owned an interest would receive an approximately $9.5 million payment in June 2022; however, the business deal did not close, and the real estate business he owned an interest in did not receive the anticipated payment. In an effort to lengthen the timeframe to allow for the closing of the potential deal and maintain ownership of his family home, he then falsified three bank records to reflect an available balance of approximately $9.6 million, despite not having that amount of money in any account he controlled. He also falsely reported the business payment on a monthly operating report, which he electronically signed and swore to and provided to bankruptcy counsel, who filed it with the court.

## II.   UNITED STATES SENTENCING GUIDELINES CALCULATION

The defense and Probation are in accord with respect to the United States Sentencing Guidelines ("Guidelines"/"U.S.S.G.") calculation in this matter, and the defense requests that Your Honor adopt the same calculation. The Guidelines calculation results in a total offense level of 14, a criminal history category of I[1], a recommended range of 15 to 21 months of imprisonment and 1 to 3 years of supervised release, and an applicable fine range of $7,500.00 to $75,000.00.

Significantly, Probation has recommended that Your Honor impose a sentence of time served and three years of supervised release by way of a variance from the Guidelines (PSR p. 29). In the PSR justification for the recommendation of a variance, Probation reasoned that Mr.

---

[1] The July 14, 2023, plea agreement between the parties stipulated to three criminal history points, including two points for committing the instant offense while under a criminal justice sentence, placing Mr. Roesser in criminal history category II under the 2021 Guidelines. However, under the 2023 Guidelines, Mr. Roesser does not receive two points for committing the instant offense while under a criminal justice sentence because he has under seven criminal history points. U.S.S.G. § 4A1.1(e). Therefore, his criminal history score is one, placing him in criminal history category I.

Cohen, Frankel & Ruggiero, LLP
The Honorable Analisa Torres
U.S. v. John Roesser
January 19, 2024
Page 3 of 10

Roesser's significant debts and family home foreclosure largely contributed to his decision to commit the instant offense, and cited his genuine remorse, familial support, and low risk of recidivism as support for the sentencing recommendation (PSR pp. 28-29).

## III.    REQUEST FOR A NON-GUIDELINES SENTENCE

As Your Honor is aware, a sentencing court is required to consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed training or treatment; the kinds of sentences available; the kind of sentence and the sentencing ranges established by the U.S.S.G. for the crime(s) of conviction; pertinent policy statements of the U.S.S.G. Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. 18 U.S.C. § 3553 (a)-(b).

Further, as Your Honor is aware, a criminal sentence must be "sufficient, but not greater than necessary" to meet the objectives of sentencing. 18 U.S.C. § 3553(a); Kimbrough v. United States, 552 U.S. 85, 90 (2007). In crafting a sentence, "the punishment should fit the offender and not merely the crime." Pepper v. United States, 562 U.S. 476, 477 (2011). It is respectfully submitted that the proposed sentence achieves the applicable, aforementioned sentencing objectives.

Mr. Roesser was born in November 1970 in New York State to the marriage of James Royal Roesser and Sarah White Roesser (PSR ¶ 56). Growing up, he had a tumultuous relationship with his brother, ███████████████████████ but he otherwise enjoyed a close relationship with his parents and siblings (Id. ¶¶ 56-59). Mr. Roesser was a strong student who went on to graduate from Connecticut College in 1992 and George Washington University Law School in 1995, where he earned a juris doctor degree (Id. ¶¶ 94-95). He worked tirelessly to achieve a successful legal career from approximately 1995 through 2019 and specialized in international arbitration matters (Id. ¶ 98). Since his arrest in the instant matter, Mr. Roesser has maintained consistent employment as a dog sitter, which allows him the flexibility to be at home to care for his 14-year-old daughter (Id. ¶ 97).

Mr. Roesser is the devoted father of four children from his former marriage to Allison Roesser. The couple's two oldest children, Abigail and Malcolm, are gainfully employed, and their third child, John Duncan, is an undergraduate student (Id. ¶ 72). Though the couple endured an emotionally crippling relationship and contentious divorce, in her letter to Your Honor, Allison Roesser described Mr. Roesser as "the most active and involved father I have [ever] known" and "the rock of [the] family." Similarly, in his letter to Your Honor, Mr. Roesser's son, Duncan, described the constant love and support he has received from his father throughout his life, writing:

Cohen, Frankel & Ruggiero, LLP
The Honorable Analisa Torres
U.S. v. John Roesser
January 19, 2024
Page 4 of 10

> I think my father's true purpose in life is to be just that—a father. I cannot imagine someone who truly was born to be a dad like he was. There has never, in my entire life, been a doubt in my mind that my dad would put any of his kids before himself. He loves me and my siblings very much, and none of us have ever questioned it.

The accompanying letters to Your Honor from his adult children, Abigail and Malcolm Roesser, echo similar sentiments of Mr. Roesser's sheer excellence as a father.

Though Mr. Roesser's adult children still rely on him for guidance and emotional support, his youngest daughter, who is 14-years-old and a freshman in high school, is completely dependent on him as the primary parent in her life. The letters to Your Honor from siblings Abigail, Malcolm, and Duncan describe the fundamental role Mr. Roesser plays as their minor sister's primary caregiver, and they each express concern for her well-being without her father's continuing, uninterrupted presence. As the primary parent, Mr. Roesser spends a significant amount of time with his youngest daughter, driving her to and from school each day, helping her with homework, and talking through issues in her life. ████████████████████ ███████████████████████████████████████ In Allison Roesser's letter to Your Honor, she explained:

> [John] is [D████] confidant and her emotional support. D████ ████████████ . . . and with John's help and guidance D████ is absolutely flourishing beyond words right now. John has been by her side every step of the way. He has given her a confidence she lacked for so many years. . . . [D████] needs [John] more than I can begin to stress.

In addition to his active role as a father of four, Mr. Roesser simultaneously devoted much of his time to caring for his aging parents. He served as the primary support for his elderly parents, both financially and emotionally, especially while his father suffered from the effects of Alzheimer's disease prior to his death in 2018 (PSR ¶ 56). In her letter to Your Honor, Allison Roesser described Mr. Roesser's commitment to his parents:

> John is the youngest of four sons and the only one who stepped up to take on the caring of his parents when they were no longer able to do so. Whether it financial or emotional support, he was the one they came to for every single need that they had. John even moved his mother into his home when she was no longer able to look after herself and [accidentally] burned down her house after her husband passed away . . . He tended to her well-being and health on top of all his other responsibilities.

Mr. Roesser became the main support system for his ailing mother after his father's death, and he took her in after her home accidentally burned down in 2020 (<u>PSR</u> ¶ 71). His mother was recently diagnosed with stage 3 breast cancer and is being treated with oral chemotherapy, and he dutifully takes her to doctor's appointments and ensure she receives the best care possible (<u>Id</u>. ¶ 56). Despite his own personal struggles, Mr. Roesser has not spoken to his mother about the instant matter out of concern for the impact it may have on her already fragile health (<u>Id</u>.).

While dedicating his time and energy to taking care of those around him, and seeming to have a successful family life and career, Mr. Roesser was enduring substantial personal problems that were not easily discernable, at first, to others. The façade of a stable, happy life began to crumble in 2015 as his marital, health, financial, employment, and other personal issues became especially severe, as discussed in further detail below. The defense submits that the cumulative effect of these issues dampened Mr. Roesser's typically solid judgment and resulted in the poor series of decisions that now brings him before Your Honor for sentencing.



**Cohen, Frankel & Ruggiero, LLP**
The Honorable Analisa Torres
U.S. v. John Roesser
January 19, 2024
Page 6 of 10

Mr. Roesser faced the life-changing medical diagnosis of ███████████████ in October 2015 ███████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

Unfortunately, despite the importance of regular monitoring, Mr. Roesser has not seen either of his doctors since 2021 because of his present financial situation and lack of medical insurance coverage (Id. ¶¶ 81-82). ████████████████████████████████████████ In her letter to Your Honor, Abigail Roesser explained:

> My fathers' diagnosis ██████████████████ greatly
> impacted our lives. It causes an immense amount of anxiety for us.
> . . . I have moments when I don't hear from him right away and
> think, what if I never see him again? If a text goes unanswered, it
> is all hands-on-deck, trying to figure out if he is ok.

In addition to the stress of his diagnosis, in 2016, Allison Roesser informed Mr. Roesser that she had decided to end their marriage (PSR ¶¶ 66-67). The couple's divorce was finalized in 2019; however, because of the Roesser's severe financial problems, they continue to reside at the same address with two of their children (Id. ¶¶ 66, 74).

Mr. Roesser's life continued to unravel as he faced further personal, legal, and financial issues. ████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
██████████████ Mr. Roesser worked as a sole practitioner to continue generating an income until his legal career further imploded in 2019, when he was acting as the attorney representing his mother, who was then selling her house to a neighbor (Id. ¶ 99). The purchase agreement stated that the seller would keep the deposit if the sale fell through. Mr. Roesser recounted that the purchaser made a deposit on the house and gave verbal permission for the deposit to be taken out of escrow and provided to the seller to use to pay her bills; however, the sale fell through because the purchaser died, and his heirs claimed that Mr. Roesser did not have permission to convert the deposit funds. Mr. Roesser was convicted in Suffolk County, New York, with the

---

████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
██████████████

Cohen, Frankel & Ruggiero, LLP
The Honorable Analisa Torres
U.S. v. John Roesser
January 19, 2024
Page 7 of 10

misdemeanor of petit larceny and sentenced to a 3-year term of probation on August 17, 2022
(PSR ¶ 45). In addition, he voluntarily submitted his resignation to the New York State Bar in
August 2020 for alleged professional misconduct.[4]

  The Roesser's financial problems escalated as a result of the decline and loss of Mr.
Roesser's employment and, ultimately, legal career. In 2019, he remained unemployed while
trying to build a real estate investment business and, in spite of his best efforts to keep everything
to himself and under control, he was forced to file for bankruptcy in February 2022 due to his
insurmountable debt and the family home falling into foreclosure. Mr. Roesser explained that he
chose to file for bankruptcy "to attempt to maintain the status quo for his family," and he
genuinely believed that "everything was going to be okay" once he received payment from the
pending real estate business deal (PSR ¶ 26). The combination of extreme financial stress, the
pressure to keep the "status quo" for his family, and the realization that the business deal was not
going through, Mr. Roesser put aside his solid sense of judgment and made the uncharacteristic
decision to commit the criminal acts at bar.

  It is respectfully submitted that the proposed sentence is appropriate considering Mr.
Roesser's personal history and characteristics and would serve as just punishment. Each of the
accompanying letters to Your Honor express their complete shock that Mr. Roesser, who is
known to others as a smart, caring, and responsible man, would act in such an aberrant manner
and commit the criminal acts at bar. Jean Lennon, Mr. Roesser's close friend since 1988,
explained the reasons for her utter disbelief in her letter to Your Honor, writing:

> I'm not sure how to convincingly say this . . . but there is not *one*
> person I would have *less* expected to be in this situation. John is
> the most tediously careful man I've ever met. . . . That he has made
> such errors in judgment is revealing what he had hidden.

In conversations with Mr. Roesser, he has reasonably concluded from the start that his actions at
bar were especially disappointing considering his intelligence, legal training, and good work over
the years.

  Even in the face of his challenging marital, financial, and legal woes, Mr. Roesser put his
all into raising his three successful, adult children and plays an especially oversized role in
raising his youngest, who he cherishes above all else. Mr. Roesser truly would have benefitted
from a "clean" split from his ex-wife, but he did not complain about his circumstances and
continued to quite literally live in unfortunate circumstances in order to put his children first.
Most significantly, the proposed sentence would permit Mr. Roesser to continue raising his 14-
year-old daughter, ensuring she has her primary parent in her life and preventing the

---

[4] Mr. Roesser, who was accused of misappropriating client funds, also consented to making full
restitution.

responsibility for raising a teenager from falling on her 26-year-old sister, Abigail, who is engaged to be married and is hoping to imminently build her own life.

Further, Mr. Roesser, who has endured the public humiliation in the press of his arrest and criminal proceedings, has proven himself to be someone who can and will reorganize and improve his life while on supervision, without the need for a period of incarceration to punish him. He has excelled over the last 10-months on pretrial release and is earning a respectable wage as a dogsitter (PSR ¶ 97). The proposed sentence would permit Mr. Roesser to continue earning an income to support himself and his 14-year-old daughter (Id. ¶ 67). It is respectfully submitted that Mr. Roesser would benefit from vocational and debt counseling while on supervised release to assist him in establishing sustainable employment, working to resolve his outstanding debts, and avoiding similar financial problems in the future.

The defense agrees with Probation that the proposed punishment is appropriate considering the nature and circumstances of the offense, and would sufficiently punish Mr. Roesser for his selfish, illegal conduct while also fairly balancing the toll that personal pressures had taken on his good decision-making abilities. Mr. Roesser acknowledges that, although he was trying to protect his family, his illegal conduct resulted in consequences to the victims/creditors. In her letter to Your Honor, Allison Roesser expressed her "honest belief" that Mr. Roesser's conduct was an attempt to solve "an insurmountable situation that had spiraled out of control." Though Mr. Roesser's conduct is explainable and, the defense submits, perhaps even somewhat understandable considering the stress he toiled under, he does not seek to minimize or excuse his unfortunate, illegal conduct in the case at bar. Moreover, he recognizes the damage his kind of conduct could have had to the court's standing in the community, especially if others were to follow suit and cause falsified documents to be filed with the court.

It is respectfully submitted that Mr. Roesser has demonstrated an admirable level of acceptance of responsibility for his actions. Upon our firm's retention, he expressed his desire to negotiate a resolution of the case as swiftly as possible, and he has never sought to minimize or make excuses for his criminal behavior. In his statement of acceptance of responsibility to Probation, Mr. Roesser communicated his deep regret for his actions and the impact it has had on his children, but acknowledged that this experience has made him humbler and helped him concentrate on what is important in life (PSR ¶¶ 26-27). Impressively, and without ego, Mr. Roesser has demonstrated his acceptance of responsibility in his everyday life, even to his children. In her letter to Your Honor, Abigail Roesser wrote:

> My father has taken responsibility with us for what he has done.
> He has said there is no excuse and that he deserves what he gets. . .
> .
> During this difficult situation, I have seen a lot of personal growth
> in my father. He has shown profound remorse and humiliation. It
> has strengthened our relationship and his ability to rely on others,
> something he did not feel safe doing before. He no longer feels like

Cohen, Frankel & Ruggiero, LLP
The Honorable Analisa Torres
U.S. v. John Roesser
January 19, 2024
Page 9 of 10

> he has to have the entire world on his shoulders. He talks to me
> and comes to me for help. He knows the better option is to share
> with us because we can help him get through anything.

It is respectfully submitted that Mr. Roesser does not pose a high risk of recidivism. He maintains the support of his family and friends, who can help him resist potential reversion to criminal activity. In her letter to Your Honor, Amy Mass, Mr. Roesser's long-time, college friend, detailed her experience reconnecting with Mr. Roesser after learning of his legal troubles and the hope she has for his future:

> I hadn't talked to John as much over the last couple of years, and
> when we reconnected and he told me about the last few years, I
> wasn't sure what to expect. I wondered if he had changed—
> become someone I would not recognize or who was full of excuses
> to explain away any behavior that didn't fit. But he didn't. I could
> hear immediately, in his voice and words, that these experiences
> have impacted him, and that he has accepted the reality with the
> humility and accountability that have always defined him. I believe
> he is doing the hard work to make needed changes and will
> continue to navigate an incredibly complex, emotional, and rocky
> path, with the same integrity and tenacity he has always embodied.

It is respectfully submitted that Mr. Roesser (and his family) would benefit from mental health treatment as a component of supervised release in order to help him process past struggles, improve his life, and avoid reversion. Importantly, Mr. Roesser is a 53-year-old offender. A September 2021 study issued by the United States Sentencing Commission determined that: "Separately, age and criminal history are consistent predictors of recidivism. Considered together, they are even better predictors of recidivism."[5] The recidivism rate for those between 50 and 59-years-old with a criminal history category of I is 15 percent, compared to 66.6 percent for individuals younger than 21-years-old with a criminal history category of I.[6]

It is respectfully submitted that the proposed sentence promotes specific and general deterrence, and respect for the law. In addition to whatever sentence Your Honor imposes on Mr. Roesser, he has suffered a public humiliation and will continue to be subject to media attention and embarrassment by being exposed to his former colleagues and clients as a felon. This public humiliation and loss of liberty experienced by Mr. Roesser will deter the general public from committing similar crimes.

---

[5] United States Sentencing Commission, Recidivism of Federal Offenders Released in 2010, at 29 (Sept. 2021), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210930_Recidivism.pdf.

[6] Id. at 30.

**Cohen, Frankel & Ruggiero, LLP**
The Honorable Analisa Torres
U.S. v. John Roesser
January 19, 2024
Page 10 of 10

      Finally, due to his present financial situation, Mr. Roesser respectfully requests that Your Honor refrain from imposing a fine on him. He reported assets totaling approximately $274,000.00 and liabilities amounting to approximately $6 million (PSR ¶ 109). As such, Probation concluded that he does not have the ability to pay a fine (Id. ¶ 112).

## IV.    CONCLUSION

      In light of the above, it is respectfully submitted that the goals of 18 U.S.C. § 3553(a) would be met by sentencing Mr. Roesser to a sentence of time served with three years of supervised release, including special conditions of mental health counseling, vocational training, and debt counseling. Mr. Roesser also respectfully requests that Your Honor refrain from imposing a fine.

                           Respectfully submitted,

                           Mark I. Cohen

MIC/gmf

Cc:    A.U.S.A. Steven J. Kochevar
       U.S.P.O. Pamela C. Flemen