**COHEN, FRANKEL & RUGGIERO, LLP**
ATTORNEYS AT LAW
20 VESEY STREET, SUITE 1200
NEW YORK, NEW YORK 10007
(212) 732-0002 • FAX (212) 293-7224

MARK I. COHEN
PETER M. FRANKEL
LOUIS J. RUGGIERO
MINA KENNEDY
GILLIAN M. FEEHAN*

*ADMITTED IN NJ AND PENDING ADMISSION IN NY

35-07 90TH STREET
JACKSON HEIGHTS, NEW YORK 11372
(718) 898-4900 • FAX (718) 898-0093
PLEASE DO NOT REPLY TO THIS OFFICE

February 9, 2024

**VIA ECF**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *United States v. John Roesser*
     23 Cr. 155 (AT)

Dear Judge Torres:

Please recall that I represent Mr. John Roesser in his defense of the above-referenced matter. Mr. Roesser is scheduled to appear for his sentencing hearing before Your Honor on February 13, 2024, at 11:00 a.m. The defense writes pursuant to a February 8, 2024 email from the Court instructing the parties to file supplemental submissions outlining sentences defendants received in comparable cases by February 9, 2024, at 12:00 p.m.

In *United States v. Anthony Faustini*, No. 20 Cr. 223, District of Connecticut, Faustini filed for bankruptcy and failed to disclose that he was the beneficiary of his mother's life insurance policy.[1] Faustini's mother passed away 9 days later. Then, Faustini falsely testified under oath that he listed all assets in his bankruptcy petition, again omitting his vested interest in the life insurance policy. After the bankruptcy court granted a discharge of Faustini's debts, he contacted the life insurance company regarding his claim and received a check shortly thereafter.

---

[1] Bankruptcy fraud defendants are commonly accused of failing to disclose the existence of assets. *See also United States v. William Gregory*, No. 23 Cr. 95 (S.D.W.V.) (defendant sentenced to 30 days in prison and 3 years of supervised release, including 5 months on home detention, for failure to disclose assets including life insurance policies with a surrender value of $235,000.00); *United States v. Donald James*, No. 21 Cr. 24 (N.D.I.N.) (defendant sentenced to 24 months of probation for making false statements on bankruptcy petition); *United States v. Penh Kang*, No. 20 Cr. 82 (E.D.L.A.) (defendant sentenced to 24 months of probation for failure to disclose gambling losses, bank accounts, and a life insurance policy).

**Cohen, Frankel & Ruggiero, LLP**
The Honorable Analisa Torres
U.S. v. John Roesser
February 9, 2024
Page 2 of 3

The Office of the U.S. Trustee for the District of Connecticut learned of the life insurance payment and conducted a deposition of Faustini, during which he made several false statements. Faustini pleaded guilty to one count of false statement under oath in a bankruptcy matter, in violation of 18 U.S.C. § 152(2). On April 26, 2021, the Honorable Janet C. Hall imposed a sentence of 3 months of imprisonment, 3 months of home confinement, and 3 years of supervised release.

In *United States v. Daniel Kamensky*, No. 21 Cr. 67, Southern District of New York, Kamensky, the founder and manager of a hedge fund, engaged in fraud and extortion to pressure a rival bidder to abandon its higher bid for assets in connection with a major business' bankruptcy proceedings so his hedge fund could purchase those assets at a lower price. Prior to founding the hedge fund, Kamensky worked as a bankruptcy attorney at an international law firm. Kamensky pleaded guilty to one count of extortion and bribery in connection with bankruptcy, in violation of 18 U.S.C. § 152(6). On May 10, 2021, the Honorable Denise L. Cote sentenced Kamensky to 6 months of imprisonment, 6 months of supervised release on home confinement, and a $55,000.00 fine.

Though this Court must consider the need to avoid unwarranted sentencing disparities pursuant to 18 U.S.C. § 3553(a)(6), the defense respectfully submits that Mr. Roesser's case is clearly distinguishable from the vast majority of bankruptcy fraud cases, including the above-referenced cases, in one significant way: Mr. Roesser has not been accused of concealing or fraudulently obtaining assets in connection with his bankruptcy proceeding in an effort to keep those assets long-term. Instead, Mr. Roesser misrepresented that his real estate business received payment from a business deal that did not, in fact, close, and submitted forged documents in connection in an effort to preserve his assets, rather than hide assets from the trustee. In its January 26, 2024 sentencing memorandum, the Government even acknowledged that Mr. Roesser's actions were designed to "buy the defendant more time in bankruptcy" to avoid the loss of his remaining personal assets.

The defense respectfully submits that, when comparing Mr. Roesser's case to other reported bankruptcy fraud cases, Mr. Roesser's case presents a distinguishably unique set of personal circumstances that warrant careful consideration pursuant to 18 U.S.C. § 3553(a)(1). As noted by the Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York:

> [S]urely, if ever a man is to receive credit for the good he has done, and his immediate misconduct assessed in the context of his overall life hitherto, it should be at the moment of his sentencing, when his very future hangs in the balance. This elementary principle of weighing the good with the bad, which is basic to all the great religions, moral philosophies, and systems of justice, was plainly part of what Congress had in mind when it directed courts

**Cohen, Frankel & Ruggiero, LLP**
The Honorable Analisa Torres
U.S. v. John Roesser
February 9, 2024
Page 3 of 3

to consider, as a necessary sentencing factor, the "history and characteristics of the defendant."

*United States v. Adelson*, 441 F. Supp. 2d 506, 513-14 (S.D.N.Y. 2006).

Thank you for your further consideration.

Respectfully submitted,

Mark I. Cohen

MIC/gmf

Cc:   A.U.S.A. Steven J. Kochevar (via ECF)